IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 7:25-cv-01277-FL

| | | |
|---|---|---|
| POST VOICE, LLC, d/b/a *The Pender-Topsail Post & Voice*; JAMES A. PETTIGREW; and KATIE PETTIGREW,<br><br>Plaintiff,<br><br>v.<br><br>PENDER COUNTY, NORTH CAROLINA; WILLIAM RANDY BURTON, in his individual capacity and official capacity as CHAIRMAN OF THE PENDER COUNTY BOARD OF COMMISSIONERS; BRENT AARON SPRINGER, in his individual capacity and official capacity as VICE-CHAIRMAN OF THE PENDER COUNTY BOARD OF COMMISSIONERS: and JERRY DAVID GROVES, in his individual capacity and official capacity as MEMBER OF THE PENDER COUNTY BOARD OF COMMISSIONERS,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants PENDER COUNTY, NORTH CAROLINA (the "County"), WILLIAM RANDY BURTON, in his individual capacity and official capacity as CHAIRMAN OF THE PENDER COUNTY BOARD OF COMMISSIONERS ("Chairman Burton"), BRENT AARON SPRINGER, in his individual capacity and official capacity as VICE-CHAIRMAN OF THE PENDER COUNTY BOARD OF COMMISSIONERS ("Vice-Chairman Springer") and JERRY DAVID GROVES, in his individual capacity and official capacity as MEMBER OF THE PENDER COUNTY BOARD OF COMMISSIONERS

1

("Commissioner Groves") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the Complaint filed by Plaintiffs Post Voice, LLC, James A. Pettigrew ("Pettigrew"), and Katie H. Pettigrew (collectively, "Plaintiffs").

## FIRST DEFENSE

Defendants are entitled to various immunities from the claims alleged in the Complaint and such immunities are a complete defense to Plaintiffs' claims. As such, Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to Chairman Burton, Vice-Chairman Springer, and Commissioner Groves, and should be dismissed for the reasons stated in Defendants' Partial Motion to Dismiss and Memorandum in Support.

## SECOND DEFENSE AND ANSWER

Defendants respond to the individually numbered paragraphs of the Complaint as follows:

### INTRODUCTION

1. It is admitted upon information and believe that Plaintiffs have owned and operated a weekly newspaper styled as "The Pender Topsail Post & Voice" (hereinafter, "The Post & Voice") since 2013. Except as specifically admitted, denied.

2. It is admitted upon information and belief that "The Post & Voice" has predecessors that were in operation during years prior to 2013, dating back to the 1970s. Except as specifically admitted, denied.

3. It is admitted that Pender County has advertised in the Post & Voice, among other publications, for notices required by statute and ordinance, as well as other items. Except as specifically admitted, denied.

4.     Denied upon information and belief.

5.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. It further admitted that Pettigrew is represented in the published editions of The Post & Voice as an author of editorial content and that The Post & Voice purports to "address" the County, Chairman Burton, Vice-Chair Springer, and Commissioner Groves. Except as specifically admitted, denied.

6.     It is admitted that the issue of County-funded advertising, including advertising in the Post & Voice, was discussed at a March 2025 meeting of the County Board of Commissioners and further admitted that County staff members were directed to research the issue of legal advertising and report to the County Board of Commissioners during their April 22, 2025 meeting. Except as specifically admitted, denied.

7.     It is admitted that the video recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. The remaining allegations of this paragraph, including any allegations of retaliatory conduct or constitutional violations, are denied.

8.     It is admitted that the video recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is further admitted that the County Board of Commissioners voted to direct staff to publish legal notices, especially tax foreclosure notices, in the Wilmington Star-News (the "Star-News"). Except as specifically admitted, denied.

9.     Denied.

10.     This paragraph primarily consists of legal conclusions, to which no response is required. Defendants specifically deny all allegations of retaliatory conduct or constitutional violations. Except as specifically admitted, denied.

11.     This paragraph primarily consists of legal conclusions, to which no response is required. Defendants specifically deny that Plaintiff is entitled to the relief sought. Except as specifically admitted, denied.

## JURISDICTION

12.     The allegations in this paragraph primarily consist of legal conclusions, to which no response is required. Defendants admit that this Court has jurisdiction over the claims purportedly alleged in the Complaint. Defendants deny any wrongdoing that would give rise to liability under the laws cited. Except as specifically admitted, denied.

13.     The allegations in this paragraph primarily consist of legal conclusions, to which no response is required. Defendants admit that this Court has jurisdiction over the claims purportedly alleged in the Complaint. Defendants deny any wrongdoing that would give rise to liability under the laws cited.  Except as specifically admitted, denied.

## VENUE

14.     It is admitted that venue is proper in this District. Defendants deny any wrongdoing that would give rise to liability under the laws cited. Except as specifically admitted, denied.

## PARTIES

15.     The allegations in this paragraph are admitted upon information and belief.

16.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph, and the same are therefore denied.

17.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph, and the same are therefore denied.

18.     Admitted.

19.     It is denied that Scotts Hills is a municipal corporation with formal limits. Except as specifically denied, the allegations of this paragraph are admitted.

20.     Admitted.

21.     It is denied that Commissioner Groves resides within the town limits of the Town of Burgaw. Except as specifically denied, the allegations of this paragraph are admitted.

*(Styled as) FACTUAL BACKGROUND*

1.     Admitted upon information and belief.[1]

2.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegation in this paragraph, which are therefore denied.

3.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph, which are therefore denied.

---

[1] The paragraphs beginning under the heading on page 6 of Plaintiffs' Complaint styled as "Factual Background" re-start numbering at "1." Defendants' responses to Plaintiffs' individually numbered paragraphs also re-start at 1, and the paragraph numbering in Defendants' Answer that begins again at 1 on this page specifically addresses the paragraphs that re-start numbering at 1 on page 6 of Plaintiffs' Complaint.

4.     It is admitted that The Post & Voice is commonly referred to as "The Pender Post" by Pender County residents. Except as specifically admitted, denied.

5.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph, which are therefore denied.

6.     Admitted.

7.     It is admitted that contents of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

8.     It is admitted that legal notice advertising was published in several newspapers by Pender County prior to 2012. Defendants lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this paragraph, which are therefore denied. Except as specifically admitted, denied.

9.     It is admitted upon information and belief that The Post & Voice meets and has met statutory criteria for publication of legal notices by the County. Except as specifically admitted, denied.

10.     It is admitted that The Post & Voice charges and has charged Pender County for advertising of legal notices and other items. It is specifically denied that the charges invoiced to Pender County by The Post & Voice have been clear as to what items the specific charges are for. Except as specifically admitted, denied.

11.     Defendants lack sufficient information and knowledge to form a belief as to the truth of the allegations in this paragraph, which are therefore denied.

12.     It is admitted that The Post & Voice charges and has charged Pender County for advertising of legal notices and other items. It is specifically denied that the charges

invoiced to Pender County by The Post & Voice have been clear as to what items the specific charges are for. Except as specifically admitted, denied.

13. It is admitted that The Post & Voice charges and has charged Pender County for advertising of legal notices and other items. It is specifically denied that the charges invoiced to Pender County by The Post & Voice have been clear as to what items the specific charges are for. Except as specifically admitted, denied.

14. It is admitted that N.C.G.S. § 1-597 speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

15. Denied.

16. Denied upon information and belief.

17. It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. It further admitted that Pettigrew is represented in the published editions of The Post & Voice as an author of editorial content. Except as specifically admitted, denied.

18. It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. It further admitted that Pettigrew is represented in the published editions of The Post & Voice as an author of editorial content and that The Post & Voice purports to "address" the County and its elected officials. Except as specifically admitted, denied.

19. It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. It further admitted that Pettigrew is

represented in the published editions of The Post & Voice as an author of editorial content. Except as specifically admitted, denied.

20.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

21.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

22.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

23.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

24.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

25.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

26.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

27.     It is admitted that the published editions of The Post & Voice speak for themselves and are the best evidence of their contents. Except as specifically admitted, denied.

28.     It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is further admitted that the recording is published on the County's website and is incorporated by reference into Plaintiffs' Complaint. Except as specifically admitted, denied.

29.     It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

30.     It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

31.     It is admitted that The Post & Voice charges and has charged Pender County for advertising of legal notices and other items. It is specifically denied that the charges invoiced to Pender County by The Post & Voice have been clear as to what items the specific charges are for. Except as specifically admitted, denied.

32.     It is admitted that The Post & Voice charges and has charged Pender County for advertising of legal notices and other items. It is specifically denied that the charges

invoiced to Pender County by The Post & Voice have been clear as to what items the specific charges are for. Defendants lack sufficient knowledge and information to form a belief as to the charges levied by The Post & Voice upon other advertisers and so denies those allegations. Except as specifically admitted, denied.

33.    It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is specifically denied that Commissioner Groves was referring to "unfavorable coverage" by The Post & Voice as what the County Board of Commissioners should "address." Except as specifically admitted, denied.

34.    It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is specifically denied that any "agreement" expressed by Chairman Burton or Vice-Chairman Spring was to any characterization assigned by Plaintiffs to Commissioner Groves's statements. Except as specifically admitted, denied.

35.    It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

36.    It is admitted that the recording of the March 21, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is specifically denied that Commissioner Groves was referring to "unfavorable coverage" by The Post & Voice as a reason the County Board of Commissioners should address the issue of legal advertising. Except as specifically admitted, denied.

37.     It is admitted that the issue of County-funded advertising was added to the agenda for the April 22, 2025 meeting of the County Board of Commissioners. Except as specifically admitted, denied.

38.     It is admitted that the correspondence exchanged among the County Manager and County Board of Commissioners speaks for itself and is the best evidence of its contents and that such correspondence only represents part of the discussion concerning County-funded advertising that took place during this time period. Except as specifically admitted, denied.

39.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is further admitted that the recording is published on the County's website and is incorporated by reference into Plaintiffs' Complaint. Except as specifically admitted, denied.

40.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is further admitted that the Staff Attorney advised the County Board of Commissioners regarding various options for advertising in area newspapers for notices required by statute and ordinance and that the Star-News had been and continued to be an available option for the County for advertising notices required by statute and ordinance. Except as specifically admitted, denied.

41.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is

further admitted that Interim County Manager Margaret Blue formerly served as Finance Director for the County. Except as specifically admitted, denied.

42.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

43.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

44.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

45.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

46.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

47.     It is admitted that the recording of the April 22, 2025 meeting of the County Board of Commissioners speaks for itself and is the best evidence of its contents. It is further admitted that the minutes of the April 22, 2025 County Board of Commissioners meeting are the best evidence of their contents and are attached to Plaintiffs' Complaint as Exhibit E. Except as specifically admitted, denied.

48.     Denied.

49.     Defendant lacks sufficient information and knowledge concerning the revenues and financial position of The Post & Voice to form a belief concerning the business decisions of the Post & Voice as to its contents, and the same are therefore denied. It is specifically denied that the County Board of Commissioners engaged in unlawful retaliation or violations of constitutional rights. Except as specifically admitted, denied.

50.     Defendant lacks sufficient information and knowledge concerning the revenues and financial position of The Post & Voice to form a belief concerning the business decisions of the Post & Voice as to its contents, and the same are therefore denied. It is specifically denied that the County Board of Commissioners engaged in unlawful retaliation or violations of constitutional rights. Except as specifically admitted, denied.

51.     It is admitted that the "demand letter" attached to Plaintiffs' Comlaint as Exhibit F speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

52.     It is admitted that the "demand letter" attached to Plaintiffs' Comlaint as Exhibit F speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

53.     It is admitted that the "demand letter" attached to Plaintiffs' Comlaint as Exhibit F speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

54.     The allegations of Paragraph 54 of Plaintiffs' Complaint do not appear to be complete. It is admitted that the County did not send a formal response to Plaintiffs'

"demand letter" prior to Plaintiffs filing the above-captioned lawsuit. Except as specifically admitted, denied.

*(Styled as) CLAIMS FOR RELIEF*

55.     Defendants incorporate by reference the preceding paragraphs of the Answer as though they were fully stated herein.

56.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

57.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

58.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

59.     It is admitted that the text of the First Amendment to the United States Constitution speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

60.     It is admitted that the text of the opinion of the United States Court of Appeals for the Fourth Circuit in *Suarez Corporation Industries v. McGraw* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

61.     It is admitted that the text of the opinions of the United States Supreme Court in *New York Times Company v. Sullivan* and *Connick v. Myers* speaks for itself and is the

best evidence of its contents. The remaining allegations of this paragraph consist of legal conclusions, to which no response is required.  Except as specifically admitted, denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Defendants incorporate by reference the preceding paragraphs of the Answer as though they were fully stated herein.

70.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

71.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

72.    It is admitted that the text of the Article I, section 14 of the North Carolina Constitution speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

73. It is admitted that the text of the opinion of the Supreme Court of North Carolina in *State v. Petersilie* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

74. It is admitted that the text of the opinion of the Supreme Court of North Carolina in *State v. Petersilie* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

75. It is admitted that the text of the opinion of the Supreme Court of North Carolina in *Harper v. Hall* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. The allegations of this paragraph primarily consist of legal conclusions to which no response is required. To the extent a response is required, denied.

82. Denied.

83. Denied.

84. Defendants incorporate by reference the preceding paragraphs of the Answer as though they were fully stated herein.

85.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

86.     The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

87.     It is admitted that the text of the Article I, section 14 and Article I, section 19 of the North Carolina Constitution speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

88.     It is admitted that the opinion of the Supreme Court of North Carolina in *Kinsley v. Ace Speedway Racing, Limited* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

89.     It is admitted that the opinion of the Supreme Court of North Carolina in *Kinsley v. Ace Speedway Racing, Limited* speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

90.     It is admitted that Plaintiffs operate a newspaper and that the County has paid Plaintiffs to advertise in The Post & Voice. Defendant lacks sufficient information and knowledge concerning the business decisions of The Post & Voice to form a belief regarding the truthfulness of the remaining allegations of this paragraph, and the same are therefore denied. Except as specifically admitted, denied.

91.     Denied.

92.     Denied.

93.    Denied.

94.    The allegations of this paragraph primarily consist of legal conclusions to which no response is required. To the extent a response is required, denied.

95.    Denied.

96.    Defendants incorporate by reference the preceding paragraphs of the Answer as though they were fully stated herein.

97.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

98.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

99.    It is admitted that 22 U.S.C. § 2201 speaks for itself and is the best evidence of its contents. Except as specifically admitted, denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants incorporate by reference the preceding paragraphs of the Answer as though they were fully stated herein.

108.    The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, it is denied that any Defendant is liable to Plaintiffs. Except as specifically admitted, denied.

109.    Denied.

110.    Denied.

111.    Denied.

EACH AND EVERY PARAGRAPH IN PLAINTIFFS' COMPLAINT NOT ADDRESSED HEREIN, INCLUDING PLAINTIFFS' PRAYER FOR RELIEF, IS DENIED.

## FIRST AFFIRMATIVE DEFENSE

Defendants assert the defense of absolute legislative immunity to all claims in Plaintiffs' Complaint.

## SECOND AFFIRMATIVE DEFENSE

Defendants Burton, Springer, and Groves, in their individual capacities, are entitled to qualified immunity for actions taken in the course of their official duties.

## THIRD AFFIRMATIVE DEFENSE

Defendants' actions were taken for legitimate governmental purposes, including cost considerations and compliance with applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' constitutional rights were not violated, and Defendants' actions were lawful and reasonable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert the claims for declaratory relief alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

The individual Defendants acted in good faith and in accordance with their legal and fiduciary obligations.

## SIXTH AFFIRMATIVE DEFENSE

Defendants complied with all applicable statutes, including N.C. Gen. Stat. §§ 1-597 through 1-599.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, were not caused by Defendants' actions.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' speech has not been chilled by Defendants' alleged acts.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' expression of opinions and editorial content concerning Chairman Burton, Vice-Chairman Springer, and Commissioner Groves was not the proximate cause of Defendants' decision to direct legal notice advertising to the Star-News in April 2025.

## TENTH AFFIRAMTIVE DEFENSE

To the extent Plaintiffs' speech consisted of false statements of fact about Defendants, made with knowledge that the statements were false or with reckless disregard

for whether the statements were false, the speech was not protected under the First Amendment and may not serve as a basis for Plaintiffs' claims of First Amendment retaliation.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses as may become apparent during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1. Dismiss Plaintiffs' Complaint with prejudice;

2. Deny all relief sought by Plaintiffs;

3. Award Defendants their costs and attorneys' fees incurred in defending this action; and

4. Grant such other and further relief as the Court deems just and proper.

This the 10th day of October, 2025.

**HARTZOG LAW GROUP LLP**

/s/ *Katherine Barber-Jones*
DAN M. HARTZOG JR.
N.C. State Bar No. 35330
Email: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
Email: kbarber-jones@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

**HARTZOG LAW GROUP LLP**

/s/ *Katherine Barber-Jones*
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
*Attorneys for Defendants*