

*Hugh Stevens\**
*K. Matthew Vaughn*
*Michael J. Tadych*
*Karen M. Rabenau\**
*William P. Janvier\*+*
*Kathleen O'Malley*
*Ashley N. Fox*

*\* Of Counsel to the Firm*
*+Board Certified Specialist*
*in Business and Consumer Bankruptcy*

*Direct: (919) 582-2319*
*E-mail: mike@smvt.com*

20 May 2025

## VIA EMAIL ONLY TO PenderBoard@pendercountync.gov

Pender County Board of Commissioners
Chairman Randy Burton (wburton@pendercountync.gov)
Vice-Chairman Brent Springer (bspringer@pendercountync.gov)
Commissioner Brad George (bgeorge@pendercountync.gov)
Commissioner Jerry Groves (jgroves@pendercountync.gov)
Commissioner Jimmy T. Tate, Ed.D (jtate@pendercountync.gov)
805 S. Walker
P.O. Box 5
Burgaw, N.C. 28425

**Re:   Removal of Legal-Notice and All Other Advertising from *The Pender-Topsail Post & Voice***

Dear Chairman Burton, Vice-Chairman Springer, Commissioner George, Commissioner Groves, and Commissioner Tate:

We hope this finds you otherwise well.

We, along with our co-counsel Abraham Rubert-Schewel and Zachary Ezor of Tin Fulton Walker & Owen, PLLC, represent *The Pender-Topsail Post & Voice* ("*The Post & Voice*" or the paper). We understand that on 22 April 2025, the Board of Commissioners voted to remove legal-notice and all other advertising from *The Post & Voice* after it published editorials and editorial cartoons featuring Chairman Burton, Vice-Chairman Springer, and Commissioner Groves. The removal of legal-notice and other advertising from *The Post & Voice* in retaliation for its constitutionally protected speech violates the First Amendment to the United States Constitution, Free Speech and Free Press and other rights enumerated by the North Carolina Constitution, and as to legal-advertising, violates N.C. GEN. STAT. §§ 1-597 through 1-599, which regulate the publication of legal notices.

> The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right. *See ACLU v.*

2225 W. Millbrook Road | Raleigh, NC 27612
Telephone: (919) 582-2300 | Facsimile: (866) 593-7695 | www.smvt.com
Case 7:25-cv-01277-FL   Document 34-6   Filed 11/29/25   Page 1 of 5



*Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993) ("Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights."); *see also Pickering v. Board of Educ.*, 391 U.S. 563, 574, 20 L. Ed. 2d 811, 88 S. Ct. 1731 (1968) (noting that retaliatory acts are "a potent means of inhibiting speech"). Thus, by engaging in retaliatory acts, public officials place informal restraints on speech "allowing the government to 'produce a result which [it] could not command directly.' Such interference with constitutional rights is impermissible." *Perry v. Snidermann*, 408 U.S. 593, 597, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972) (alterations in original) (citation omitted).

*Suarez Corp. Indus. V. McGgraw*, 202 F.3d 676, 685 (2000).

On 21 March 2025, at the livestreamed Pender County Board of Commissioners Retreat,[1] Commissioner Groves refered to "three commissioners being made puppets in the local paper" and stated that "it's not fulfilling community expectations to have a paper that makes $100,000.00 a year off of citizens to make fun of county employees." Commissioner Groves went on to state that "we need to address that" and "we need another paper to represent Pender County." At least one commissioner expressed agreement with Commissioner Groves. Following several minutes of discussion regarding multiple commissioners' discontent with *The Post & Voice*'s editorial coverage of them, the issue of removing legal-notice and other advertising from *The Post & Voice* and placing it with the *Wilmington Star-News* was added to the agenda for the 22 April 2025 Board of Commissioners Meeting.

Approximately one month later, at the 22 April 2025 Board of Commissioners Meeting,[2] former Pender County Staff Attorney Andre Hogan presented a "legal analysis" of options for legal-notice advertising based on incorrect information provided to the UNC School of Government that *The Star News* enters the mail to paid subscribers in Pender County. It does not. After several minutes of discussion, Commissioner Groves stated "it's time to cut to the chase" and, while holding up a copy of *The Post & Voice*



---

[1] https://penderconc.portal.civicclerk.com/event/569/media, from 2:01:38-2:07:45.
[2] https://penderconc.portal.civicclerk.com/event/504/media, from 2:11:10-2:34:20.

**2225 W. Millbrook Road | Raleigh, NC 27612**
**Telephone: (919) 582-2300 | Facsimile: (866) 593-7695 | www.smvt.com**
Case 7:25-cv-01277-FL    Document 34-6    Filed 11/29/25    Page 2 of 5



and referencing editorials published about three county commissioners, said "this is what we as three county commissioners have to put up with. The citizens' money are paying for this — this is money they are paying for and it's time for it to stop." Thereafter, the Board of Commissioners voted to use *The Star-News* for all future advertising including legal-notice advertising.

*The Post & Voice* has constitutionally protected rights to publish speech that is critical of government and public officials. *New York Times Co. v. Sullivan*, 376 U.S. 254, 270, 11 L. Ed. 2d 686, 84 S. Ct. 710, 721 (1964) (explaining that the First Amendment ensures citizens enjoy "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials"); *see also Connick v. Myers*, 461 U.S. 138, 162, 75 L. Ed. 2d 708, 103 S. Ct. 1684, 1698 (1983) (explaining that "[t]he constitutionally protected right to speak out on governmental affairs would be meaningless if it did not extend to statements expressing criticism of governmental officials").

The Commissioners' recorded statements on 21 March 2025 and 22 April 2025 make clear that the removal of legal-notice and all other advertising from *The Post & Voice* was motivated by an intent to punish the paper for its publication of critical editorials and editorial cartoons featuring Chairman Burton, Vice-Chairman Springer, and Commissioner Groves. This retaliation in response to protected speech is plainly unconstitutional.

Federal courts have "easily" concluded that similar conduct amounts to unconstitutional retaliation. *See Decker Advert. Inc. v. Delaware Cnty., New York*, No. 3:23-CV-1531 (AMN/ML), 2025 WL 591940, at *7 (N.D.N.Y. Feb. 24, 2025). For example, in 2022, the Delaware County, New York Board of Supervisors voted to "de-designate" a local newspaper as the official county paper for publication of "laws and notices" after the paper ran an unflattering story about a local judge. *Id.* at *5. In response, the paper filed suit and alleged that the Board took this action in retaliation for its "unfavorable coverage." Just three months ago, a federal district court rejected the County's motion to dismiss the lawsuit and held that the paper had properly alleged multiple first amendment retaliation claims. *Id.* at *1.

Additionally, Article 1, Section 14 of the North Carolina Constitution provides that: "Freedom of speech and of the press are two of the great bulwarks of liberty and therefore shall never be restrained[.]" N.C. Const. art. 1 § 14. The North Carolina Supreme Court has instructed that:

> Our State Constitution offers similar free speech protection in Article I, Section 14. This provision is self-executing, and we have recognized a cause of action against state officials for its violation. *Corum v. University of North Carolina*, 330 N.C. 761, 782, 413 S.E.2d 276, 289, *cert. denied, Durham v. Corum*, U.S. , 121 L. Ed. 2d 431 (1992). In some of our cases, the Court has found the guarantees in the state and federal constitutions to be parallel and has addressed them as if their protections were equivalent. *Felmet*, 302 N.C. 173, 273 S.E.2d 708; *Andrews v. Chateau X*, 296 N.C. 251, 250 S.E.2d 603 (1979), *vacated on other grounds*, 445 U.S. 947, 63 L. Ed. 2d 782 (1980). We have also recognized that "in construing provisions of the Constitution of North Carolina, this Court is not bound by opinions of the Supreme Court of the United States construing even identical

2225 W. Millbrook Road | Raleigh, NC 27612
Telephone: (919) 582-2300 | Facsimile: (866) 593-7695 | www.smvt.com
Case 7:25-cv-01277-FL    Document 34-6    Filed 11/29/25    Page 3 of 5



provisions in the Constitution of the United States." *State v. Hicks*, 333 N.C. 467, 483, 428 S.E.2d 167, 176 (1993); *State v. Arrington*, 311 N.C. 633, 642, 319 S.E.2d 254, 260 (1984). "We do, however, give great weight to decisions of the Supreme Court of the United States interpreting provisions of the Constitution of the United States which are parallel to provisions of the State Constitution to be construed." *Id.* at 484, 428 S.E.2d at 176.

*State v. Petersile*, 334 N.C. 169, 184, 432 S.E.2d 832, 840-41 (1993). "The right to free speech is violated when 'restrictions are placed on the espousal of a particular viewpoint,' . . . or where retaliation motivated by the content of an individual's speech would deter a person of reasonable firmness from engaging in speech or association." *Harper v. Hall*, 384 N.C. 292, 369, 886 S.E.2d 393, 442 (2023) (citations omitted). Thus, the Board has also violated *The Post & Voice*'s right to free speech under the North Carolina Constitution.

Further, the removal of legal-notice and all other advertising deprives *The Post & Voice* and its owners their inalienable right to earn a living as guaranteed by the "Fruits of Their Labor Clause" found in Article 1, Section 1 of the North Carolina Constitution. Article 1, Section 1 provides that: "We hold it to be self-evident that all persons are created equal; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty, the enjoyment of the fruits of their own labor, and the pursuit of happiness." N.C. Const. art. 1 § 1. The "Fruits of Their Labor Clause" protects people "'engaging in any legitimate business, occupation, or trade,'" and "bars state action burdening these activities unless 'the promotion or protection of the public health, morals, order, or safety, or the general welfare makes it reasonably necessary.'" *Kinsely v. Ace Speedway Racing, Ltd.*, 386 N.C. 418, 424, 904 S.E.2d 720, 726 (2024). To survive constitutional scrutiny, the challenged state action must be done for "a proper governmental purpose," and the means chosen to effect that purpose must be reasonably necessary. *Id.*

As the North Carolina Supreme Court recently explained, government does not act with a proper governmental purpose where "its purpose [is] not to protect public interest but to punish a private business for standing up to the government." *Id.* at 426, 904 S.E.2d at 728 (holding that Ace Speedway properly alleged a violation of the "Fruits of Their Labor Clause" where it alleged it was shut down "because it spoke out against the Governor's emergency order [related to COVID-19], and that other businesses violating the emergency order were not subjected to similar enforcement by the State"). *The Post & Voice* is engaged in a legitimate business, which includes selling advertising space to Pender County. By removing legal-notice and all other advertising from *The Post & Voice* in retaliation for the publication of editorials critical of public officials, the Board has impermissibly burdened the paper's business for an improper governmental purpose in violation of the "Fruits of Their Labor Clause."

The removal of legal-notice advertising from *The Post & Voice* also violates the North Carolina General Statutes regulating the publication of legal advertising. North Carolina General Statute § 1-597(a) provides that newspapers qualified to publish legal advertisements are those:

> with a general circulation to actual paid subscribers which newspaper at the time of such publication, advertisement or notice, shall have been admitted to the United States mails in the Periodicals class in the county or political subdivision

2225 W. Millbrook Road | Raleigh, NC 27612
Telephone: (919) 582-2300 | Facsimile: (866) 593-7695 | www.smvt.com
Case 7:25-cv-01277-FL    Document 34-6    Filed 11/29/25    Page 4 of 5



where such publication, advertisement or notice is required to be published, and which shall have been regularly and continuously issued in the county in which the publication, advertisement or notice is authorized or required to be published, at least one day in each calendar week for at least 25 of the 26 consecutive weeks immediately preceding the date of the first publication of such advertisement, publication or notice[.]

As the only newspaper published in Pender County, *The Post & Voice* is the only newspaper that meets these qualifications. Pender County Clerk of Court Elizabeth Craver is on record confirming that *The Post and Voice* is the **only** publication in the county that is "statutorily qualified" to run legal notices and that the Board never contacted her office about their decision to remove legal-notice advertising.

*The Post & Voice* respectfully demands that the Board of Commissioners reverse its decision to remove all future legal-notice and other advertising from the paper. *The Post & Voice* further requests that all recordings (including but not limited to the above-referenced 21 March 2025 and 22 April 2025 recordings), communications, and other documents in the Board's possession, custody, or control related to this matter be preserved. To the extent necessary, *The Post & Voice* is prepared to take any and all legal action, and to seek appropriate damages and attorneys fees, to vindicate its constitutional rights.

Very truly yours,

Michael J. Tadych

Ashley N. Fox

cc:    M. Blue, Interim County Manager (mblue@pendercountync.gov)
       A. Pettigrew (posteditor@post-voice.com)
       A. Rubert-Schewel (schewel@tinfulton.com)
       Z. Ezor (zezor@tinfulton.com)

2225 W. Millbrook Road | Raleigh, NC 27612
Telephone: (919) 582-2300 | Facsimile: (866) 593-7695 | www.smvt.com
Case 7:25-cv-01277-FL    Document 34-6    Filed 11/29/25    Page 5 of 5