IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 7:25-cv-01277-FL

| | |
|---|---|
| POST VOICE LLC, d/b/a<br>The Pender-Topsail Post & Voice et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>PENDER COUNTY, NORTH CAROLINA et al.,<br><br>        Defendants. | **JOINT RULE 26(f) CONFERENCE REPORT** |

Plaintiffs and Defendants respectfully submit the following report of the Rule 26(f) Conference conducted pursuant to the Initial Order Regarding Planning and Scheduling entered on January 6, 2026 by the Court [DE 41] (hereinafter, the "Order").

1. <u>Certification of Conference</u>. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Order, a meeting was held on January 27, 2026, via telephone conference, and was conducted by counsel for the parties in the above-captioned case. Following the conference, the parties drafted and finalized this proposed discovery plan on February 10, 2026. The following counsel were present for the conference:

    a. For plaintiffs Post Voice LLC d/b/a the Pender Topsail Post & Voice, James A. Pettigrew, and Katie H. Pettigrew: Abraham Rubert-Schewel.

    b. For defendants Pender County, North Carolina, William Randy Burton, in his official capacity as Chairman of the Pender County Board of

Commissioners; Brent Aaron Springer, in his individual capacity and official capacity as Vice-Chairman of the Pender County Board of Commissioners; and Jerry David Groves, in his individual capacity and official capacity as Member of the Pender County Board of Commissioners: Katherine Barber-Jones.

2. <u>Nature and Complexity of the Case</u>. The parties submit the following information regarding the information requested in Part A of the Order.

   a. Asserted Basis for the Court's Subject Matter Jurisdiction. The parties agree that the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiffs have asserted claims for First Amendment retaliation that are brought under 42 U.S.C. § 1983 and declaratory relief under 28 U.S.C. § 2201. This Court has supplemental jurisdiction over Plaintiff's claims on the claims arising from the same facts and circumstances that are brought under Article I, §§ 14 and 19 of the North Carolina Constitution.

   b. Most Important/Key Factual and Legal Issues. The parties have identified the following issues as important to the case: the scope and nature of the Board of Commissioners' decision regarding legal advertising in The Pender-Topsail Post & Voice, whether the decision was in retaliation for Plaintiffs' protected speech, whether other reasons existed for the decision, whether various immunities apply for any of the Defendants to Plaintiffs' claims or to certain types of discovery in this action, the interpretation of

2

Case 7:25-cv-01277-FL     Document 42     Filed 02/10/26     Page 2 of 11

N.C.G.S. § 1-597, whether Plaintiffs' publication is the only publication in Pender County that meets the requirements of N.C.G.S. § 1-597, whether Plaintiffs' speech has been chilled, whether Plaintiffs have suffered economic damages, whether Plaintiffs have suffered reputational harm, whether Plaintiffs have suffered emotional distress. The parties also refer the Court to the factual and legal issues identified in Plaintiffs' Amended Complaint, Defendants' Answer, and Defendants' Partial Motion to Dismiss.

    c. Damages Sought. Plaintiffs' claimed damages may include lost income, lost advertising revenues, emotional distress, and reputational harm.

3. <u>Pre-Discovery Disclosures</u>. The information required pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure will be exchanged by the parties no later than 30 days after entry of a discovery schedule by the Court.

4. <u>Discovery Plan</u>. The parties propose the following discovery plan:

    a. Discovery will be needed on these topics:

        i. All factual allegations, claims, and alleged damages asserted in Plaintiff's Amended Complaint against all Defendants.

        ii. All factual allegations and affirmative defenses raised by all Defendants.

        iii. Discovery of information and documents in the custody of third-party law enforcement agencies, the Clerk of Court, the North Carolina Administrative Office of the Courts, and news organizations.

        iv. Expert discovery.

b. Discovery may commence when the scheduling order is entered and will be completed by **October 16, 2026**.

c. The dispositive motions deadline will be **November 16, 2026**.

d. Deadline for motions to join additional parties or for Plaintiffs and Defendants to otherwise amend the pleadings: **August 16, 2026.**

e. Unless a party agrees to a different limit, the following discovery limits shall apply:

   i. Maximum of 25 interrogatories for each Plaintiff and a maximum of 25 interrogatories for each Defendant.

   ii. Maximum of 25 requests for production for each Plaintiff and a maximum of 25 requests for production for each Defendant.

   iii. Maximum of 15 requests for admission for each Plaintiff and a maximum of 15 requests for admission for each Defendant.

   iv. Responses to written discovery (interrogatories, requests for production of documents and requests for admissions) shall be due by 11:59 P.M. thirty (30) days after service, unless the parties stipulate to a longer period of time, or the time for response is extended by Court order.

   v. The parties agree to service of discovery requests and responses thereto via e-mail, which shall be marked in the e-mail caption "SERVICE BY E-MAIL ONLY." Upon request, the party propounding discovery requests shall promptly provide a Word

copy of the requests to the responding party. Documents too large to be served by email may be made available for download by a link distributed to the parties with the discovery responses. If a link used to make documents available for download expires during the litigation, the parties will provide another working link upon request.

    vi. Maximum of 10 depositions for Plaintiffs and 10 for Defendants, excluding expert depositions.

        a. Limits on the length of depositions, in hours, is as set forth in Rule 30 of the Federal Rules of Civil Procedure.

        b. The parties may stipulate to additional depositions without the need for leave of Court.

        c. If the parties are unable to reach an agreement as to the sequence of depositions (i.e., the order in which the witnesses shall be deposed), the dispute shall be resolved by use of a coin flip or other similar method.

b. *Expert reports* from retained experts under Rule 26(a)(2) of the Federal Rules of Civil Procedure will be due from Plaintiff by **August 17, 2026,** and from Defendants by **September 16, 2026**. Supplementations under Rule 26(e) will be due **within 20 days of the date the need for supplementation is discovered**.

c. Should a request for production seek discovery of electronically stored information ("ESI"), then the following provisions shall apply:

i. *Form of production/preservation*: Counsel for the parties shall inform one another of any ESI that should be specifically preserved at the earliest possible time. The parties agree that discoverable ESI will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

ii. The parties further agree that after they are served with a request for production that seeks ESI, they will undertake a good faith effort to identify relevant ESI and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to ESI or other records which have not been previously identified by the parties as relevant to this action.

iii. *Security Measures*: The parties do not anticipate the need for any security measures associated with the production of electronic documents beyond those to be contained in any protective order.

iv. *Cost allocation*: If the ESI sought is not readily obtainable or its production would be unduly burdensome or result in significant expense, the parties agree that the party seeking discovery of the information may request that the Court enter an order allowing discovery of such information at the expense of the party

seeking the discovery.

  v. The parties also report that they intend to explore all other reasonable technological innovations designed to render document discovery more manageable and less costly.

d. In accordance with Rule 26(b)(5), the parties have discussed certain issues related to claims of privilege, including the protection of material generated in preparation for trial or other privileged materials, and have agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced within a reasonable time period after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly produced documents shall be promptly returned. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

e. Additionally, because this lawsuit involves a municipal defendant and law

enforcement functions, the parties have also discussed certain issues relating to the disclosure of documents and information which may be confidential personnel information subject to N.C. Gen. Stat. § 160A-168 or which may be sensitive law enforcement information. The parties agree that all personnel information or sensitive law enforcement information that is produced or disclosed by the defendants or third parties pursuant to a protective order shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose and any documents produced as confidential pursuant to a protective order shall, within a reasonable period after resolution of this action, be returned to counsel for the disclosing party or parties. Counsel shall be permitted to keep a copy of any records for their clients' file that are required under the North Carolina rules of professional responsibility to be maintained in that file. The parties agree that they will propose a mutually agreeable protective order to the Court prior to the production or disclosure of any discoverable information subject to § 160A-168 and any sensitive law enforcement information, including any such information that may be stored electronically.

f. Defendants agree to draft and exchange any proposed protective orders within two weeks after the signing of this order.

g. The parties have not identified any materials that they intend to request in

discovery and the parties reserve their rights to assert all claims of privilege based on any subsequent discovery request submitted by the parties.

h. The parties have agreed to log materials withheld from discovery on the grounds that they are protected by the attorney-client privilege, protected by the work product doctrine, or protected as material legitimately prepared in anticipation of litigation or for trial. The parties agree that a categorical privilege log shall be sufficient for these purposes and that any categorical log will contain sufficient information about the general content of documents to enable the opposing party and the Court to evaluate the claim of privilege. The privilege log shall otherwise comply with the requirements of Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

2. Other Items.

   a. Initial Pretrial Conference. The parties **do not request conference with** the Court prior to the entry of a Case Management Order.

   b. Alternative Dispute Resolution. This case is automatically selected by this Court for mediation pursuant to Local Rule 101.1a(b). The parties agree that mediation should take place prior to the end of the discovery period and will agree on a mediator.

   c. Trial Preparation.

      i. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due thirty (30) days before trial. Parties should have fourteen days

after service of final lists of witnesses and exhibits to serve and file objections under Rule 26(a)(3).

ii. The case should be ready for trial ninety (90) days after the Court rules on dispositive motions. At that time, trial is expected to take 3-5 days. A jury trial has been demanded. The parties agree that a pre-trial conference should be scheduled after the determination any dispositive motions to set a term for the trial of this action.

iii. The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge and the parties do not consent to the exercise of jurisdiction by a U.S. magistrate judge.

* * * Signatures Appear on Following Pages * * *

Respectfully submitted, this the 10th day of February, 2026.

| | |
|---|---|
| **STEVENS MARTIN VAUGHN & TADYCH PLLC** | **TIN FULTON WALKER & OWEN PLLC** |

/S/ MICHAEL J. TADYCH
Michael J. Tadych
N.C. State Bar No. 24556
mike@smvt.com
Ashley N. Fox
N.C. State Bar No. 57896
ashley@smvt.com
2225 W. Millbrook Road
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695
*Attorneys for Plaintiffs*

/S/ ABRAHAM RUBERT-SCHEWEL
Abraham Rubert-Schewel
N.C. Bar No. 56863
schewel@tinfulton.com
Zachary Ezor
N.C. Bar No. 55070
zezor@tinfulton.com
119 Orange St., Floor 2
Durham, NC 27701
*Attorneys for Plaintiffs*

**HARTZOG LAW GROUP LLP**

/S/ KATHERINE BARBER-JONES
Katherine Barber-Jones
N.C. State Bar No. 44197
kbarber-jones@hartzoglawgroup.com
Dan M. Hartzog, Jr.
N.C. State Bar No. 35330
dhartzogjr@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC  27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendants*