IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:25-CV-01277-FL

| | | |
|---|---|---|
| POST VOICE, LLC, d/b/a The Pender-Topsail Post & Voice; JAMES A. PETTIGREW; and KATIE H. PETTIGREW, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PENDER COUNTY, NORTH CAROLINA; WILLIAM RANDY BURTON, in his official capacity as CHAIRMAN OF THE PENDER COUNTY BOARD OF COMMISSIONERS; BRENT AARON SPRINGER, in his official capacity as VICE-CHAIRMAN OF THE PENDER COUNTY BOAR OF COMMISSIONERS; and JERRY DAVID GROVES, in his individual capacity and official capacity as MEMBER OF THE PEDER COUNTY BOARD OF COMMISSIONERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CONSENT PROTECTIVE ORDER** |
| Defendants. | ) ) | |

This matter was presented to the undersigned on joint motion by the parties for the entry of a Consent Protective Order, based on the following facts constituting good cause for issuance of a Protective Order. Over the course of discovery in this action, the parties have reason to provide deposition

testimony and/or produce documents that may include confidential employment information pursuant to Section 153A-98 of the North Carolina General Statutes; records of criminal investigations or records of criminal intelligence that may be disclosed under court order pursuant to Section 132-1.4 of the North Carolina General Statutes; and other sensitive and private information, such as personal financial, medical, and mental health records.

Attorneys for the parties have deemed it to be in the best interest of both parties to facilitate the discovery process by agreeing to maintain such information as Confidential and to restrict the dissemination of such information in compliance with N.C. Gen. Stat. § 153A-98, among other applicable restrictions. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the agreement of counsel, good cause having been shown, the Court enters the following Order, which shall govern the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL."

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

    a. All personnel records, information, and documents made confidential by N.C. Gen. Stat. § 153A-98;

    b. All information and documents made confidential by N.C. Gen. Stat. § 132-1.4;

    c. Any documents or information of a medical, mental health, or personal nature; and

2

d.    Any documents or information designated as confidential by the parties as provided below.

2.   Any party producing documents may designate the documents as Confidential Information by marking each page of the document "CONFIDENTIAL."

3.   Certain information disclosed at the deposition of any witness, including any party, may be designated as Confidential Information by indicating on the record at the deposition that the specific testimony is Confidential Information subject to the provisions of this Order. Alternatively, a party or witness may designate information disclosed at such deposition as Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the transcript which are deemed Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as Confidential Information for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties.

4.   The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

3

a. Any party to this action;

b. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

c. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

d. Independent experts employed by counsel for the purpose of assisting in this action;

e. The court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

f. Any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under the paragraph until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure of the court; and

g. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

5. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to relevancy, admissibility,

4

discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation. Any party receiving a disclosure of CONFIDENTIAL DOCUMENTS shall also be provided with a copy of this Order and shall not receive such documents until the party acknowledges and agrees that they will comply with this Order's requirements.

7. No CONFIDENTIAL INFORMATION shall be filed in the public record in this action unless by leave of the Court. All material subject to the terms of this Protective Order, including any pleadings, motions, or other papers filed with the court disclosing any such information or material, shall be filed under seal pursuant to court order issued upon a motion by any party seeking to file the documents under seal or restricted access. Where possible, only confidential portions of filings with the court shall be filed under seal.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for

5

which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Any motion requesting leave to file documents under seal or restricted access shall comply with the requirements of Local Rule 79.2 and the CM/ECF policy manual provisions of Section V.G.1 and demonstrate that the Confidential Material at issue is entitled to protection under the applicable standards.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

10. The inadvertent, unintentional or in-camera disclosure of confidential

6

documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

11. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

**DATE:** _____3/25/26_____

_____
LOUISE W. FLANAGAN
United States District Judge

7

WE CONSENT:

Dated: March 20, 2026

**HARTZOG LAW GROUP LLP**

*/s/ Katherine Barber-Jones*
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
DAN M. HARTZOG, JR.
N.C. State Bar No. 35530
E-mail: dhartzogjr@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendants*

**STEVENS, MARTIN, VAUGHN & TADYCH
PLLC**

*/s/ Michael J. Tadych*
Michael J. Tadych
N.C. State Bar No. 24556
mike@smvt.com
Ashley N. Fox
N.C. State Bar No. 57896
ashley@smvt.com
Telephone: 919-582-2300
2225 W. Millbrook Road
Raleigh, NC 27612
*Attorneys for Plaintiffs*

**TIN, FULTON, WALKER & OWEN, PLLC**

*/s/ Zachary Ezor*

8

Zachary Ezor
N.C. State Bar No. 55070
zezor@tinfulton.com
Abraham Rubert-Schewel
N.C. State Bar No. 56863
schewel@tinfulton.com
Telephone: 919-307-8400
119 Orange Street
Durham, NC 27701
*Attorneys for Plaintiffs*

9